NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-906

LESTER WILLIAMS

VERSUS

IBERIA PARISH DISTRICT ATTORNEY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 134608
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and Candyce G. Perret, Judges.

APPEAL DISMISSED. PLAINTIFF-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

**Samuel Andrew Shealy**
**Attorney at Law**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4434**
**Counsel for Defendant-Appellee:**
 **Iberia Parish District Attorney**

**Lester J. Williams**
**In Proper Person**
**Louisiana State Prison**
**Spruce Unit 4**
**Angola, LA 70712**
**Plaintiff-Appellant**

**KEATY, Judge.**

This court, on its own motion, issued a rule to Plaintiff-Appellant, Lester Williams, to show cause why the appeal in the above captioned case should not be dismissed as having been taken from a non-appealable, interlocutory judgment. For the reasons that follow, we dismiss the appeal.

Mr. Williams filed a Petition for Writ of Mandamus, stating that on June 5, 2019, he sent a letter to Defendant-Appellee, Iberia Parish District Attorney, requesting that he be allowed to inspect and copy the records in that department's possession pertaining to his arrest and prosecution in *State v. Williams*, Docket No. 06-CR-651 in the Sixteenth Judicial District Court. When he received no response from Defendant, he filed the instant petition for an order directing Defendant to allow him to inspect and copy the requested public records at no cost or at an itemized reduced rate.

The petition was denied following a hearing on September 23, 2019. Notice of signing of judgment was mailed on October 4, 2019. Mr. Williams filed a Notice of Appeal on October 3, 2019, which was granted by the trial court on October 18, 2019, with a January 3, 2020 return date. This court received the record of Mr. Williams' appeal and issued a rule to show cause on December 30, 2019, why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. A timely response was received from Mr. Williams on January 15, 2020, wherein he argues the merits of why he is entitled to make a request for public records.

We find that the ruling at issue, the denial of a writ of mandamus, is a non-appealable, interlocutory ruling, as it involves a preliminary matter and does not determine the merits of a case in whole or in part. *See* La.Code Civ.P. art. 1841;

La.Code. Civ.P. art. 2083(C).  The proper vehicle for review of the denial of a petition for a writ of mandamus is by supervisory writ.

Accordingly, we dismiss Mr. Williams' appeal.  However, since his notice of appeal was filed within the time for seeking a supervisory writ, we hereby construe the notice of appeal as a timely-filed notice of intent to seek a supervisory writ and allow Mr. Williams to file a proper application for a supervisory writ, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision.  Mr. Williams is not required to file an additional notice of intent to seek supervisory review or obtain an order setting a return date.

**APPEAL DISMISSED.  PLAINTIFF-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.